UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIKI OKADA ET AL.,<br><br>        Plaintiffs,<br><br>  v.<br><br>GREEN TREE,<br><br>        Defendant.<br>_____/ | No. C-10-0487 JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AS TO FEDERAL CLAIM AND REMANDING STATE LAW CLAIMS TO STATE COURT [Docket No. 6]** |

## I.   INTRODUCTION

This action arises out of loan modification discussions relating to a loan in the amount of $979,500.00, secured by a condominium at 501 Beale Street, San Francisco. The action was initiated in San Francisco Superior Court and removed to the Federal District Court for the Northern District of California after Plaintiffs filed an amended complaint that included a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq*. ("FDCPA"). Following removal, Defendant filed a Motion to Dismiss ("the Motion") seeking dismissal of all of Plaintiffs' claims with prejudice. Pursuant to Local Rule 7-3(a) and the Court's February 25, 2010 Clerk's Notice, Plaintiffs' opposition or statement of non-opposition was due by March 5, 2010. Plaintiffs did not file an opposition or a non-opposition. The Court therefore deems the motion appropriate for decision on the papers pursuant to Local Rule 7-1(b) and **vacates the scheduled April 23, 2010 hearing**. For the reasons stated below, the Motion is GRANTED as to Plaintiffs' federal claim.[1] Plaintiffs' remaining claims are remanded to state court.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**II.     BACKGROUND**

    **A.     Factual Background**[2]

On August 17, 2007, Plaintiff Seiki Okada borrowed $979,500.00 from lender MorgageIt, Inc. RJN, Ex. 1 at 1. The loan was secured by a property at 501 Beale Street, San Francisco. *Id*. at 3. Notices of default on the loan were recorded on December 21, 2007 and November 26, 2008. RJN Ex.s 2 & 3. In February 2010, Plaintiff Okada and his wife began discussing a modification of the loan with Green Tree, which was the servicer of the loan. First Amended Complaint ("FAC") at 4. Green Tree's Loss Mitigation Department referred Plaintiffs to a toll-free number for an entity called "Lend America." *Id*. According to Plaintiffs, when they contacted Lend America, they spoke to Etna Russo. *Id*. Plaintiffs allege that Ms. Russo represented Lend America as a "company that was closely affiliated with Green Tree." *Id*. Plaintiffs further allege that Ms. Russo told them their loan would be restructured if they followed her instructions, which included staging a divorce and falsifying financial statements so that Plaintiffs would fit in to the FHA loan guidelines. *Id*. In the meantime, Plaintiffs allege, "Teresa" at Green Tree was telling Plaintiffs that unless they restructured or refinanced, they would lose their home, and that time was running out. *Id*. Green Tree did not, however, direct Plaintiffs to resources or alternatives to foreclosure, according to Plaintiffs. *Id*. at 5. On March 23, 2009, the property was sold to REO Properties Corp. at a trustees sale. RJN, Exs. 4 & 5. The sale was recorded on March 31, 2009. *Id.* The sale was rescinded on July 29, 2009, RJN at 2, but Plaintiffs allege they were not told of the rescission until they filed the complaint in this action. FAC at 5.

---

[2]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true). In addition, the Court GRANTS Defendant's Request for Judicial Notice in Support of Motion to Dismiss ("RJN") except as to Exhibits 7 and 8. Exhibits 1 through 6 may be considered on a motion to dismiss because they are documents that are not subject to dispute and are a matter of public record. *See Catholic League for Religious and Civil Rights v. City and County of San Francisco,* 464 F. Supp. 2d 938, 941 (N.D. Cal. 2006). Exhibit 9 may be considered because it is the "loan" that is referred to repeatedly in the complaint. However, Exhibits 7 and 8, print-outs of pages from Defendant's web site, may be subject to dispute to the extent that it is not clear when the pages were created or whether they accurately reflect the content of the website at the time of the relevant events. Therefore, the Court declines to take judicial notice of these web pages.

**B.     The First Amended Complaint**

In the First Amended Complaint, Plaintiffs assert claims for negligent misrepresentation, violations of California Civil Code Sections 2923.5 & 2924.8 and violations of the privacy requirements of the FDCPA and California Privacy Law.  The negligent misrepresentation claim is based on allegations that Plaintiffs reasonably relied on "the statements made by Green Tree's loss mitigation staff when the plaintiffs decided to pursue the loan restructuring with an entity to which the borrower was directed by the defendant," which allegedly resulted in the trustees sale of the 501 Beale Street property.  FAC at 5.  Plaintiffs' claim under California Civil Code Section 2923.5 is based on the allegation that Green Tree did not have a prominent link on its web site to certain information, including options that might be available to borrowers wishing to avoid foreclosure. FAC at 6.  Plaintiffs' claim under California Civil Code Section 2924.8 is based on the allegation that Defendant failed to provide notice of the foreclosure sale in Chinese, even though that is the primary language of Plaintiff Jie Xu, who is the spouse of Plaintiff Seiki Okada and who resides with Okada at 501 Beale Street.  Finally, Plaintiffs assert that Defendant violated the FDCPA and California privacy law, that is, California Civil Code Sections 1798.84 and 1798.82, by providing Plaintiffs' loan information to Lend America.

**C.     The Motion to Dismiss**

Defendant argues that all of Plaintiffs' claims fail, as a matter of law, and cannot be cured by amendment.  First, Defendant argues that Plaintiffs' claims are moot because, "to the extent that the FAC seeks to halt foreclosure proceedings as a result of defects in loan-modification discussions, procedural errors, or other alleged irregularities, it should be dismissed because Plaintiffs cannot show that they have suffered any resulting injury." Motion at 3.

Second, Defendant asserts that the negligent misrepresentation claim should be dismissed because Plaintiffs have not alleged particular facts in support of the claim, as required under Rule 9(b) of the Federal Rules of Civil Procedure.  Moreover, Defendant argues, the only statements referenced in the First Amended Complaint by any Green Tree employee are the two statements by "Teresa," who allegedly: 1) instructed Plaintiffs to call an 800 number; and 2) informed Plaintiffs

3

1  that unless they restructured or refinanced, their property would be sold.  Because neither of these
2  statements was false or misleading, Defendant argues, the negligent misrepresentation claim fails as
3  a matter of law.  In addition, Defendant argues, the negligent misrepresentation claim fails because
4  Green Tree does not owe Plaintiffs a duty of care.

5  Third, Defendants argue that Plaintiffs' claim under Section 2923.5 fails because that section
6  applies only if the lender or agent had already filed the notice of default prior to the enactment of
7  that provision, on September 6, 2008.  The allegations in the complaint, however, indicate that
8  Plaintiffs' claim under this section are based on the second notice of default, recorded on November
9  26, 2008.  In any event, Defendant argues, Plaintiffs' allegation that the section is violated because
10 the link itself did not contain the required information misstates the law, which requires only that the
11 home page contain a link *to* the required information.  Finally, Defendant argues that even if the
12 notice of default was recorded prior to the statute's effective date and the link was insufficient, the
13 claim fails because Plaintiffs have not pleaded any facts showing that they were harmed by the
14 violation.

15 Fourth, Defendant argues that the Section 2924.8 claim fails, as a matter of law, because: 1)
16 the statute only applies when the billing address for the mortgage note is different from the property
17 address, which is not the case here; and 2) Plaintiffs have not alleged any harm arose from the
18 failure to provide the default notice in Chinese.

19 Fifth, Defendant argues that the FDCPA claim, based on the provision of Plaintiffs' loan
20 information to Lend America, fails for several reasons.  In particular, Defendants argue that the
21 claim fails because: 1) Green Tree is not a "debt collector" and therefore is not subject to the statute;
22 2) the sharing of loan information for the purposes of assisting in a loan modification is not
23 actionable under the FDCPA; and 3) Plaintiffs' own allegations show that Plaintiffs themselves
24 provided their loan information to Lend America and not Green Tree.

25 Plaintiffs failed to respond to the Motion although the Court's Order specifically instructed
26 them to file their Opposition, if any, no later than March 5, 2010.  In its Reply brief, Defendant

4

asserts that the Court should dismiss Plaintiffs' complaint on the basis of Plaintiffs' failure to file an opposition to the Motion.

**III. ANALYSIS**

    **A. Legal Standard**

        **1. Rule 12(b)(6)**

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original). For purposes of resolving a Rule 12(b)(6) motion, courts accept all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party. *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir. 1995).

        **2. Dismissal Based on Failure to Follow Local Rules by Pro Se Plaintiff**

The Ninth Circuit has held that failure to follow a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)(affirming district court's dismissal of a pro se plaintiff's civil rights action after the plaintiff failed to file an opposition to the defendant's motion to dismiss); *see also Offril v. J.C. Penny Company, Inc.*, 2009 WL 69344 (N.D. Cal. Jan. 9, 2009) (holding that where pro se plaintiff in FDCPA action failed to respond to motion to dismiss, dismissal without leave to amend was appropriate because there was no indication the plaintiff could cure the defects in the complaint). Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id*. (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

### B. Application of Legal Standards

Defendant seeks dismissal of Plaintiffs' complaint both as a sanction for Plaintiffs' failure to oppose its Motion and under Rule 12(b)(6). The Court concludes that dismissal of Plaintiffs' federal claim is warranted under Rule 12(b)(6) and therefore does not reach the question of whether dismissal is appropriate as a sanction.

Plaintiffs have alleged a single federal claim, under the FDCPA, based on the allegation that Green Tree violated section 1692c(b) of the Act by providing information about Plaintiff Okada's loan to Lend America. It is well-established that this provision applies to "debt collectors," as that term is defined under 15 U.S.C. § 1692a, and that a loan servicer is not a "debt collector" under the FDCPA. *See Lal v. American Home Servicing, Inc.*, 2010 WL 225524 (E.D.Cal., Jan. 19, 2010) (holding that "the law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt" and therefore dismissing FDCPA claim against loan service under Rule 12(b)(6)) (citations omitted)); *see also Nera v. American Home Mortg. Servicing, Inc.*, 2009 WL 2423109 *3-4 (N.D. Cal. Aug. 5, 2009) (dismissing FDCPA claim under Rule 12(b)(6) because although the complaint included a conclusory allegation that the defendant was a debt collector, there were no factual allegations in the complaint supporting the allegation); *Angulo v. Countrywide Home Loans, Inc.*, 2009 WL 3427179 ( E.D.Cal., October 26, 2009) (dismissing FDCPA claim under Rule 12(b)(6) because plaintiff's complaint did not include specific allegations showing that defendant was a "debt collector" within meaning of statute); *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1198 (C.D.Cal.,2008) (dismissing FDCPA claim under Rule 12(b)(6) because plaintiff did not allege in the complaint that defendant was a "debt collector" and noting that allegations that defendant foreclosed on plaintiff's loan were insufficient to establish that the defendant was a debt collector because foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA). Plaintiffs have not alleged that Defendant is a debt-collector or any facts suggesting that Defendant is a debt-collector. Moreover, as noted in *Izenberg*, Plaintiffs' allegations that Green Tree foreclosed on their home pursuant to a deed of trust are insufficient to show that Green Tree is

a "debt collector." Accordingly, Plaintiffs' claim under the FDCPA fails as a matter of law. Further, because Plaintiffs did not oppose the Motion, the Court assumes that Plaintiffs are unable to allege any facts that might cure this defect. Therefore, the Court dismisses Plaintiffs' FDCPA claim without leave to amend.

Having concluded that the single claim giving rise to federal jurisdiction is subject to dismissal, the Court remands Plaintiffs' remaining claims to state court for determination. *See* 28 U.S.C. § 1367(c) (allowing federal court to decline to exercise supplemental jurisdiction over a claim where the court has dismissed all claims over which it had original jurisdiction).

## IV. CONCLUSION

Defendant's Motion is GRANTED as to Plaintiffs' claim under the FDCPA, which is dismissed with prejudice. Plaintiffs' state law claims are remanded to state court for determination.

IT IS SO ORDERED.

Dated: April 19, 2010

JOSEPH C. SPERO
United States Magistrate Judge

7